### COPELAN, CHIEF OF POLICE v McHENRY

Ohio Appeals, 1st Dist, Hamilton Co

Decided July 27, 1931

John D. Ellis, City Solicitor, Cincinnati, and Francis T. Bartlett, for plaintiff in error.

Robert Fosdick, Cincinnati, and Harry F. Kumler, Dayton, for defendant in error.

ROSS, PJ.

Sec 12840 GC is as follows:

"Whoever, having been committed to a workhouse, escapes or attempts to escape therefrom, shall be imprisoned in such workhouse not more than double the term for which he had been originally sentenced. Unless the former sentence has expired, such sentence shall commence from and after the expiration of the former sentence. The court which originally sentenced him shall have jurisdictiion concurrently with the Court of Common Pleas in the county in which such worknouse is situated."

Sec 12840-1, GC, provides:

"Whoever, having been committed to a workhouse, in default of payment of fine and costs, escapes or attempts to escape therefrom, shall be sentenced to such workhouse for a period of not less than ten nor more than three hundred and sixty-four days. Such sentence shall commence from and after the expiration of the imprisonment on account of such default, but credit shall be given against such imprisonment for any payment made on said fine and costs. The court which originally assessed the fine and costs shall have jurisdiction concurrently with the Court of Common Pleas in the county in which such workhouse is situated."

Upon these facts we hold that the provisions of §12183 GC apply. This section is as follows:

"A person who is set at large upon a writ shall not be again imprisoned for the same offense, unless by the legal order or process of the court wherein he is bound by the recognizance to appear, or other court having jurisdiction of the cause or offense. A person who knowingly, contrary to the provisions of this chapter, recommits or imprisons, or causes to be recommitted or imprisoned, for the same offense, or pretended offense, a person so set at large, or knowingly aids or assists therein, shall forfeit to the party aggrieved five hundred dollars, notwithstanding any colorable pretense or variation in the warrant or commitment."

The **offense** charged in both cases was escape from the Cincinnati Workhouse. The fact that one warrant charged "his sentence not having expired" and the other, "before his fine and costs had been paid," etc., we consider merely "colorable pretense or variation."

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

HAMILTON and CUSHING, JJ, concur.